# In the United States Court of Federal Claims

No. 22-1865 C
(Filed: September 29, 2023)

```
* * * * * * * * * * * * * * * * *  *
                                   *
WILLIE ZIMMERMAN,                  *
                                   *
              Plaintiff,           *
                                   *
     v.                            *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
* * * * * * * * * * * * * * * * *  *
```

*Willie Zimmerman*, *pro se*, of Irmo, SC.

*Brittney Welch*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom was *Michael F. Kiely*, Attorney, Law Department, U.S. Postal Service, both of Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff, Willie Zimmerman, filed suit in this Court alleging negligence and breach of contract claims against the United States arising from United States Postal Service's ("USPS") failure to deliver a package containing legal papers to the Supreme Court of the United States. As explained below, this Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, the government's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") is granted.

## BACKGROUND

### A.    Prior Litigation

The claims set forth in Plaintiff's complaint arise from a judicial foreclosure sale of real property located in Richland County, South Carolina. ECF No. 1 ("Compl.") at 1; *Zimmerman v. Bank of Am., N.A.*, 3:16-cv-02452-JFA at ECF 5-3 (D.S.C., July 12, 2016) ("First Order Vacating Sale"). On September 21, 2012, the Richland County Court entered a final judgment of foreclosure on the property in favor of Bank of America ("BOA"), the holder of the related promissory note and deed of trust. *See Bank of America, N.A. v. Staley, et al.*, Master's Order

and Judgment of Foreclosure and Sale, No. 2011-CP-40-8074 (C.P. Richland, Sept. 21, 2012). Several months later, on April 1, 2013, Plaintiff placed the highest bid at the public foreclosure sale, and the property was awarded to him, subject to compliance with his bid.  First Order Vacating Sale at 1; *Zimmerman v. Bank of Am., N.A.*, 3:16-cv-02452-JFA at ECF No. 1-1 at ¶ 3 (D.S.C., July 7, 2016) ("2016 Compl.").  However, Plaintiff failed to secure the funds necessary to fulfill with his bid and instead reached an agreement with BOA to pay less than the amount of his bid. *See* First Order Vacating Sale at 1.  Despite this agreement, the Richland County Court rejected the agreement and vacated the sale, because BOA had "no authority to change the public record . . . . [and] accept a lower bid . . . ." *Id.* at 1–2.

A second public foreclosure sale took place on September 3, 2013, and, once again, Plaintiff was the highest bidder. *Zimmerman v. Bank of Am., N.A.*, No. CV 3:16-2452-JFA-SVH, 2017 WL 11577063, at *1 (D.S.C. Sept. 7, 2017).  Plaintiff deposited five percent of the sale price.  *Id.* As before, however, he could not comply with the terms of his bid and the Richland County Court vacated the second sale.  *Id.* at 1–2.  Plaintiff appealed the Richland County Court's decision to vacate both sales to the South Carolina Court of Appeals.  *See Bank of America, N.A. v. Staley, et al.*, Unpublished Opinion, No. 2014-000140, 2015 WL 5047692 (S.C. Ct. App., Aug. 26, 2015).  The Court of Appeals affirmed the lower court's orders.  *See id*.

Subsequently, on June 1, 2016, Plaintiff filed suit against BOA in the Court of Common Pleas, Fifth Judicial Circuit, Richland County, South Carolina, alleging negligent misrepresentation regarding their previous nullified bid agreement for the foreclosed property. 2016 Compl. at 1.  BOA removed the case to the U.S. District Court for the District of South Carolina, which dismissed the case without prejudice. *Zimmerman v. Bank of Am., N.A.*, No. CV 3:16-2452-JFA-SVH, 2017 WL 371035, at *2 (D.S.C. Jan. 26, 2017).  Plaintiff filed an amended complaint on February 24, 2017, *id*. at ECF No. 22, and the district court granted BOA's motion to dismiss for failure to state a claim on October 17, 2017, this time with prejudice, *id*. at ECF No. 37.  Plaintiff appealed to the U.S. Court of Appeals for the Fourth Circuit on November 17, 2017, *id*. at ECF No. 40., but the Fourth Circuit dismissed Plaintiff's appeal as untimely, *id*. at ECF No. 45.

**B.     Present Litigation**

Four years later, on January 11, 2022, Plaintiff filed a complaint against the USPS in the U.S. District Court for the District of Columbia*. Zimmerman v. U.S. Postal Service*, 1:22-cv-00146-CRC at ECF No. 1 (D.D.C., Jan. 11, 2022) ("2022 Compl.").  In his complaint, Plaintiff alleged that USPS negligently, and in breach of contract, failed to deliver "an insured package" to the Supreme Court of the United States due to a "shutdown of the United States Government." *Id*. at 2.  The "insured package" contained legal papers related to Plaintiff's claim for the Richland County real property. *See id*. at ECF No. 4 at 1 (Aug. 22, 2022).  Plaintiff claimed that USPS' failure to deliver the package caused him to miss a filing deadline, which in turn caused Plaintiff to lose the Richland County property. *See id*.; 2022 Complaint at 2–3.  As a result, Plaintiff sought $1.5 million dollars in damages.  2022 Compl. at 3.

The district court dismissed Plaintiff's complaint without prejudice for failure to effect service. *Zimmerman v. U.S. Postal Service*, 1:22-cv-00146-CRC at ECF No. 4 (D.D.C., Aug. 22,

2022). On September 22, 2022, Plaintiff moved to alter the district court's judgment, ECF No. 5, and on October 14, 2022, the district court granted Plaintiff's motion and re-opened the case, ECF No. 6. In that same order, the district court also found *sua sponte* that it did not have subject matter jurisdiction over Plaintiff's negligence and breach of contract claims against USPS because (1) "[t]he Federal Tort Claims Act expressly bars [] claims, to the extent that they arise from the loss, miscarriage, or negligent transmission of letters or postal matters," and (2) jurisdiction for contract claims against the United States for over $10,000 "vests exclusively in the United States Court of Federal Claims." *Id.* at 2 (internal quotations and citations omitted) (alterations in original). As a result, the district court transferred the case to this Court on October 27, 2022. *Id*. at ECF No. 7 (Oct. 27, 2022).

Shortly thereafter, Plaintiff filed his complaint in this Court, again alleging negligence and breach of contract. Compl. at 2–3. Plaintiff argues that "USPS owed a duty of care to protect and deliver Plaintiff's package and its negligence in failing to deliver the package for Plaintiff caused Plaintiff to miss the time for filing his Petition in the Supreme Court of the United States," and that this "negligence and carelessness . . . resulted in damages to Plaintiff equal to the loss of the value of the home." *Id.* at 2–3. Plaintiff also asserts that USPS "breached the contract between the parties" by "fail[ing] and refus[ing] to deliver the package or notify Plaintiff that it could not be delivered as agreed." *Id.* at 3. Plaintiff requests the value of the Richland County property, the costs of this suit, and "[s]uch other and further relief as the Court may deem proper and just." *Id.* at 3.

The government filed a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 17. The government argues that the Court does not have jurisdiction over Plaintiff's negligence or breach of contract claims because "claims based upon delay in the receipt of mail or failure to deliver mail arise in tort and not upon a contract" and "[t]he United States Court of Federal Claims does not have jurisdiction over claims sounding in tort. *Id.* at 5 (citing *Webber v. United States*, 231 Ct. Cl. 1009 (1982); 28 U.S.C. § 1491(a)(1)) (internal marks omitted).

## DISCUSSION

### A.     Legal Standard

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, this Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States,* 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id*. Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained,"

3

*United States v. Mitchell*, 463 U.S. 206, 216–217 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

Although a *pro se* litigant is held to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citation omitted). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

**B.     Analysis**

While this case has quite the history, it cannot continue in this Court. To establish jurisdiction in this Court under the Tucker Act, a plaintiff must "identify a separate source of substantive law that creates the right to money damages"; "the absence of a money-mandating source [is] fatal to the Court's jurisdiction under the Tucker Act." *Fisher v. United States*, 402 F.3d 1167, 1172–1173 (Fed. Cir. 2005) (en banc). Additionally, the Tucker Act "expressly precludes the Court of Federal Claims from hearing claims that sound in tort." *Allen v. United States*, No. 2021-1631, 2022 WL 180760, at *1 (Fed. Cir. Jan. 20, 2022) (citing 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . for liquidated or unliquidated damages in cases *not sounding in tort*." (emphasis added)).

Plaintiff alleges that USPS negligently, and in breach of contract, failed to "protect and deliver" his package to the Supreme Court of the United States. Compl. at 2. However, it is well established that claims "base[d] upon delay in the receipt of mail or failure to deliver mail 'aris[e] in tort and not upon a contract.'" *Webber v. United States*, 231 Ct. Cl. 1009, 1009 (1982) (quoting *Threatt v. United States,* 77 Ct. Cl. 645, 646, *cert. denied,* 290 U.S. 626 (1933)); *see also Terry v. United States*, 99 Fed. Cl. 384, 391 (2011) ("[C]laims relating to the mishandling of mail . . . sound in tort."); *Naskar v. United States*, 82 Fed. Cl. 319, 321 (2008) ("[Plaintiff] alleges that the willful or negligent misconduct of the USPS caused a torn, ripped, and badly damaged article to be returned to him, causing him mental harassment . . . this is a claim sounding in tort." (internal quotation marks omitted); *Blazavich v. United States*, 29 Fed. Cl. 371, 374 (1993) ("Plaintiff's case appears to arise out of the negligent or tortious handling of the mail by the USPS, and we so find, and, as such, should be dismissed." (internal quotation marks omitted)).

Accordingly, because "the United States Court of Federal Claims does not have subject matter jurisdiction to adjudicate claims relating to the mishandling of mail because those claims sound in tort," *Terry*, 99 Fed. Cl. at 391, and Plaintiff's claims relate to the mishandling of mail, the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims. As a result, the Court must grant the government's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the government's motion to dismiss Plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge
